UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIO ROSAS,

      Petitioner,

v.                                  CASE NO. 6:06-cv-496-Orl-19JGG

U.S. CITIZENSHIP & IMMIGRATION
SERVICES,

      Respondent.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response (Doc. No. 8), and Petitioner filed a reply (Doc. No. 10) to the response.

*Procedural History*

Petitioner Patricio Rosas is a native and citizen of Ecuador who was admitted into the United States as a lawful permanent resident in April of 1983 and currently resides in Miami, Florida.  (Doc. No. 8, Exhibit A at 3.)  On October 16, 1991, Petitioner was convicted in this Court (case number 91-40-cr-Orl-18) for the offense of passing counterfeit federal reserve notes and sentenced to a six-month term of imprisonment, followed by a two year term of probation.  *Id.*

In November of 2005, Petitioner re-entered the United States and applied for admission as a returning lawful permanent resident.  He was admitted on a parole basis pursuant to 8 U.S.C. § 1182(d)(5).[1]  *Id.*

On April 28, 2006, Respondent issued a Notice to Appear ordering Petitioner to appear before an immigration judge to show why he should not be removed due to his 1991 conviction.  The hearing is scheduled for December 27, 2006.  *Id.* at 2-3.

Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241.  According to Petitioner, his 1991 conviction was unconstitutional because he was not informed of the potential immigration consequences of his guilty plea by either the Court or his counsel.  In addition, Petitioner alleges that he has no family ties in his native country and that "[s]uch should as a matter of humanity, justify a waiver of removal and deportation of petitioner as is provided pursuant to section 212(c) and/or 212(h)."  (Doc. No. 1 at 2.)  Petitioner argues that he has strong community ties here and his removal would result in an extreme hardship upon his family.  *Id.*  He also contends that removal and deportation would constitute further punishment for his 1991 conviction.  Petitioner requests that this Court "issue a Writ of Habeas Corpus directing the respondent to cease further proceedings that are implemented for the purpose of exposing and/or subjecting petition[er] to deportation and removal from the United States."  *Id.* at 3.

_____

[1]Parole allows an alien to temporarily remain in the United States pending a decision on his application for admission.  *See* 8 U.S.C. § 1182(d)(5).

*Legal Discussion*

The Government  argues that this Court lacks jurisdiction to hear the instant petition.  The Court agrees.

Section 1252(g) of Title 28 of the United States Code provides for exclusive jurisdiction in removal cases:

> Except as provided in this section and not withstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  The United States Supreme Court has determined that this limitation on judicial review applies narrowly to the three discrete actions by the Attorney General listed in the statute -- the "decision or action" to "commence proceedings, adjudicate cases, or execute removal orders."  *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999).  The Court recognized that this limitation was designed to protect the Government's discretion in pursuing removal proceedings.  *Id*. at 485-87.

In the instant action, Petitioner finds fault with the Attorney General's decision to pursue removal proceedings against him.  Petitioner seeks a writ requiring Respondent to cease all proceedings relating to his possible removal and deportation.  Thus, the petition

falls squarely within the letter and spirit of § 1252(g)'s jurisdictional bar, and must be denied.[2]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Patricio Rosas is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _7th__ day of November, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT


Copies to:
sa 11/7
Patricio Rosas

---

[2]The Court notes that Petitioner's application for a writ of habeas corpus is also premature as his administrative proceedings are still pending.  Once a final order is issued, Petitioner must exhaust his administrative remedies.  *See* 8 U.S.C. § 1252(d).  The Eleventh Circuit Court of Appeals has determined that this exhaustion requirement is jurisdictional and applies to habeas corpus proceedings.  *Sundar v. Immigration and Naturalization Service*, 328 F.3d 1320, 1323, 1325 (11th Cir.), *cert. denied*, 540 U.S. 1006 (2003); *see also Sun v. Ashcroft*, 370 F.3d 932, 941 (9th Cir.  2004) (holding that "§ 1252(d)(1) imposes a statutory exhaustion requirement on immigration habeas petitioners").

4

Counsel of Record